UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80768-CIV-ZLOCH/ROSENBAUM

MISTY ARMSTRONG,

       Plaintiff,

v.

ANATNAL, INC., d/b/a OLD KEY LIME HOUSE,
a Florida corporation, and RYAN CORDERO,
an individual,

       Defendants.
_____/

**ORDER**

       This matter is before the Court upon Defendants Anatnal, Inc., and Ryan Cordero's Motion to Compel More Complete Discovery Responses [D.E. 17], referred for disposition by the Honorable William J. Zloch. *See* D.E. 25. The Court has reviewed Defendants' Motion, all supporting and opposing filings, and the record, and has heard argument on November 30, 2009. At the hearing, the Court announced its rulings. This Order memorializes those directives.

       According to the Complaint in this matter [D.E. 1], Defendant Anatnal, Inc., a Florida corporation, owns and does business under the name Old Key Lime House in Lantana, Florida. *Id.* at ¶ 10. Plaintiff further alleges that Defendant Ryan Cordero is the general manager of the Old Key Lime House and the son of Wayne Cordero, Anatnal's sole owner. *Id.* at ¶ 11. From January, 2007, through September 21, 2008, Plaintiff Misty Armstrong worked as a bartender/waitress at the Old Key Lime House. *Id.* at ¶ 6.

       Armstrong asserts that during her employment with the Old Key Lime House, Defendant

Ryan Cordero engaged in activities that Armstrong reasonably construed as sexual harassment. *Id.* at ¶ 16. Because Armstrong declined Cordero's alleged sexual advances, Armstrong contends, the Old Key Lime House demoted Armstrong and eventually terminated her employment. *Id.* at ¶¶ 16-19.

After obtaining a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), Armstrong filed the instant case. *See generally id.*; *see also id.* at ¶ 20. In this lawsuit Armstrong alleges discrimination on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, *as amended*, and seeks compensatory damages, back wages, future wages, punitive damages, employment benefits, and attorney's fees, as well as an injunction requiring Defendants to abide by the provisions of Title VII. *See* D.E. 1 at 6.

During the course of discovery, Defendants served Plaintiff with interrogatories and requests for production. *See* D.E. 17 at 2. Despite efforts to resolve their displeasure with some of Plaintiff's responses to these discovery requests, Defendants were unable to arrive at a satisfactory resolution. Consequently, they filed their Motion to Compel More Complete Discovery Responses [D.E. 17]. Plaintiff timely responded to Defendants' Motion, contesting some of Defendants' positions and providing more complete responses with respect to certain discovery requests. *See* D.E. 20. Defendants did not file a reply brief.

On November 30, 2009, the Court held a hearing on Defendants' Motion. Based on a review of the briefs, the Court inquired of the parties as to whether any issues remained outstanding. Defendants responded that two issues continued to be in controversy: (1) Defendants desired for Plaintiff to produce her tax returns for the years 2000-2005, and (2) Defendants wanted Plaintiff to provide Defendants with records pertaining to any treatment Plaintiff might have received for mental

health.

With regard to Defendants' first request, Defendants explained that they seek Plaintiff's tax returns for the years 2000 through 2005. Plaintiff objected, arguing that her tax returns for the years 2000 through 2005 are irrelevant and that she has already provided Defendants with her tax returns for the years 2006 through 2008, which includes the period during which Plaintiff was employed by Defendants. In response, Defendants urged that they need the pre-employment tax returns to be able to obtain evidence regarding Plaintiff's employment capabilities. Plaintiff agreed that she would not object to turning over her tax return for the year 2005, and the Court ordered her to do so, finding that the period pre-dating 2005 bore no relevancy to the lawsuit, which alleges activities occurring between January, 2007, and September, 2008.

As for the medical records, Defendants indicated their concern that Plaintiff's responses to production requests seeking medical records stated that Plaintiff has no records within her possession, custody, or control. Consequently, Defendants complained, they could not ascertain whether such records might exist somewhere. Plaintiff's counsel explained that Plaintiff has never sought treatment from a mental health professional, so no records of such treatment exist. The Court directed Plaintiff to amend her responses to discovery requests seeking information regarding Plaintiff's mental health treatment to reflect that there are no such records.

Finally, Defendants' Motion sought attorneys' fees in connection with the filing of Defendants' Motion. Rule 37(a)(5), Fed. R. Civ. P., provides the framework for consideration of Plaintiff's request. Rule 37(a)(5) provides, in relevant part,

> If the motion is granted – or if the disclosure or requested discovery
> is provided after the motion was filed – the court must, after giving
> an opportunity to be heard, require the party . . . whose conduct

> necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> * * *
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

"[D]iscovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted)). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on a different basis by Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

After reviewing the record in this matter, the Court declined to award fees. Plaintiff's position was not entirely without foundation. Indeed, a genuine dispute existed, as reasonable people could have differed as to the appropriateness of Plaintiff's position with regard to the contested issues.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants Anatnal, Inc., and Ryan Cordero's Motion to Compel More Complete Discovery Responses [D.E. 17] is **GRANTED IN PART and DENIED IN PART** in accordance with this Order. Plaintiff shall provide Defendants with the 2005 tax return or a signed form authorizing disclosure of the 2005 tax return and amended responses to the mental health treatment discovery requests by **5:00 p.m.,**

**Monday, December 7, 2009.**

    **DONE AND ORDERED** this 30th day of November, 2009.

_____<br>
ROBIN S. ROSENBAUM<br>
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch
        Counsel of Record